**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

```
*********************************************)
Michael and Ginger Fortin                   )
                                            )
  On behalf of Minor Child, T.F.            )
                                            )
     Plaintiff                              )          CIVIL ACTION NO.
                                            )
     v.                                     )          JURY TRIAL DEMANDED
                                            )
Hollis-Brookline                            )
School District                             )
         and                                )
Lisa Keehan                                 )
                                            )
*********************************************
```

# COMPLAINT

## INTRODUCTION

This is an action arising under the Rehabilitation Act, the ADAAA and state law to recover for physical and psychological abuse inflicted on the minor Plaintiff in the course of his special education program through the Defendant School District.

## PARTIES

1.     Michael and Ginger Fortin are residents of the Town of Hollis, New Hampshire and parents of the minor Plaintiff, T.F.

2.     T.F. is a resident of the Town of Hollis, New Hampshire with a date of birth of 2005.

3.     T.F. has been diagnosed with autism and other disabilities including epilepsy that substantially limit his major life activities.

1

4.    Defendant Hollis-Brookline School District ("Hollis") is a New Hampshire School District with the authority to sue and be sued pursuant to RSA 194:2.

5.    Defendant Hollis is a recipient of federal financial assistance.

6.    Defendant Lisa Keehan is a resident of the State of New Hampshire and was formerly employed by Hollis as an aide.

## JURISDICTION AND VENUE

7.    This action is brought pursuant to 42 U.S.C. § 1983, under this Court's federal question jurisdiction, 28 U.S.C. § 1343, alleging a violation of the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act As Amended, 42. U.S.C. §12132, and this Court's supplemental jurisdiction over state law claims, 28 U.S.C. § 1367.

8.    Venue is proper in this district because all actions alleged occurred in the District of New Hampshire.

## FACTS COMMON TO ALL COUNTS

9.    T.F. has been a student in the Hollis School District since May, 2008.

10.    He was diagnosed as having an autistic disorder in September of 2008.

11.    Hollis accepted T.F.'s diagnosis in January 2011.

12.    Because of T.F.'s disabilities, he is extremely vulnerable to potential abuse.

13.    Hollis was aware of T.F.'s vulnerability.

14.    It was essential to his protection that any aide assigned to him be well-trained and informed regarding his disabilities, and be appropriately supported and supervised.

15.    New Hampshire law prohibits any behavioral intervention intended to cause physical pain by an employee of a school district against a child with disabilities. Ed 113.04(b)

16.     Hollis retained Defendant, Lisa Keehan, to work as a one-on-one aide to T.F. in 2010.

17.     Defendant Keehan had no prior experience or training in working with children with autism.

18.     Hollis provided Keehan with inadequate training and supervision.

19.     Defendant Keehan engaged in a pattern of erratic behavior demonstrating that her physical and emotional health was unstable.

20.     Michael and Ginger Fortin complained on multiple occasions to agents of the Defendant Hollis about Keehan's lack of knowledge regarding educating children with autism, and their concern about her health and well-being.

21.     Notwithstanding these concerns, Hollis continued to retain Keehan as a one-on-one aide for T.F.

22.     On May 24, 2014, Keehan was videotaped in a one-on-one session with T.F. in which she reacted emotionally and aggressively to his perceived lack of responsiveness by pulling his ear and otherwise imposing corporal punishment.

23.     Upon information and belief, Keehan's assault was a continuation of her pattern of physically assaulting T.F. because she was unable to control his conduct using appropriate means of intervention

24.     T.F. has suffered physical injury and grave emotional and psychological harm as a result of Keehan's assault.

## COUNT I

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794

Against Defendant Hollis

25.     Section 504 prohibits discrimination based on disability by any entity receiving federal funding.

26.     Defendant Hollis discriminated against T.F. on the basis of his disability by assigning to him a one-on-one aide who had neither the education, supervision nor emotional stability to provide safe services to T.F.

27.     Defendant Hollis' failure to provide T.F. with an appropriately experienced, supervised and competent aide caused him to suffer physical assaults on account of his disability.

28.     Defendant Hollis, through its agent Defendant Lisa Keehan, discriminated against T.F. by using physical force to punish T.F., on account of his disability.

29.     Hollis is liable in respondeat superior for Keehan's actions because she was its employee acting within the scope of her duties, and acting on its behalf.

## COUNT II

Americans with Disabilities Act As Amended

Against Defendant Hollis

30.     42 U.S.C. § 12132 provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

by any such entity.

31.     Defendant Hollis discriminated against T.F. on the basis of his disability by assigning to him a one-on-one aide who had neither the education, supervision nor emotional stability to provide safe services to T.F.

32.     Defendant Hollis' failure to provide T.F. with an appropriately experienced, supervised and competent aide caused him to suffer physical assaults on account of his disability.

33.     Defendant Hollis, through its agent Defendant Lisa Keehan, discriminated against T.F. by using physical force to punish T.F., on account of his disability.

34.     Hollis is liable in respondeat superior for Keehan's actions because she was its employee acting within the scope of her duties, and acting on its behalf.

## COUNT III

### Assault and Battery against both Defendants

35.     Defendant Keehan engaged in repeated unconsented physical assaults against the bodily integrity of T.F. in an improper effort to control his conduct and discipline him for perceived misbehavior.

36.     She did not have a reasonable belief that her actions were lawful.

37.     Defendants' actions were wanton, malicious and/or oppressive.

38.     Hollis is liable respondeat superior for Keehan's actions because they were of the type she was hired to perform, occurred in school buildings during the school day, and were actuated, at least in part, to serve the employer.

**WHEREFORE,** Plaintiffs respectfully requests that:

A.     This Court award T.F. compensation for the physical injuries that he sustained;

B.     This Court award him compensation for the long term emotional and

psychological harm that he has suffered;

C.     This Court award him enhanced compensatory damages;

D.     This Court order Defendants to reimburse his medical expenses incurred on his

behalf arising out of the actions committed by the Defendants.

E.     This Court reimburse him for his reasonable attorney's fees and expenses;

F.     This Court award him prejudgment interest; and,

G.     For such other relief this Court deems just and proper.

Respectfully submitted,

MICHAEL and GINER FORTIN

On behalf of minor child, T.F.

By Their Attorney

BACKUS, MEYER & BRANCH, LLP

Dated:  May 18, 2015                    By:        /s/ Jon Meyer
                                        Jon Meyer, Esq. (NH Bar # 1744)
                                        116 Lowell Street, P.O. Box 516
                                        Manchester, NH 03104-0516
                                        (603) 668-7272
                                        *jmeyer@backusmeyer.com*